**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § § § | **Chapter 11** |
| **WHITE ROCK MEDICAL CENTER, LLC,** **et al.** [1] | § § § | **Case No. 26-90115 (ARP)** |
| | § § | **(Joint Administration Requested)** |
| **Debtors.** | § § § | **(Emergency Hearing Requested)** |

**DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY OF AN ORDER**
**(I) AUTHORIZING THE DEBTORS TO (A) FILE A CONSOLIDATED**
**LIST OF CREDITORS, AND (B) FILE A CONSOLIDATED LIST OF**
**THE 30 LARGEST UNSECURED CREDITORS; (II) APPROVING THE FORM**
**AND MANNER OF NOTIFYING CREDITORS OF THE COMMENCEMENT OF**
**<u>THESE CHAPTER 11 CASES; AND (III) GRANTING RELATED RELIEF</u>**

**EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 11:30 (CENTRAL TIME) ON JANUARY 26, 2026.**

**IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON JANUARY 26, 2026, AT 11:30 A.M. (CENTRAL TIME) IN COURTROOM 400, 4TH FLOOR, 515 RUSK AVENUE, HOUSTON, TX 77002.**

**PARTICIPATION AT THE HEARING WILL <u>ONLY</u> BE PERMITTED BY AN AUDIO AND VIDEO CONNECTION. AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 832-917-1510. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE PÉREZ'S CONFERENCE ROOM NUMBER IS 282694. VIDEO COMMUNICATION WILL BE BY USE OF THE GOTOMEETING PLATFORM. CONNECT VIA THE FREE GOTOMEETING APPLICATION OR CLICK THE LINK ON JUDGE PÉREZ'S HOME PAGE. THE MEETING CODE IS "JUDGEPEREZ". CLICK THE SETTINGS ICON IN THE**

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each of their federal identification numbers are White Rock Medical Center, LLC (6083); NCP Management, LLC (8327); North Houston Surgical Hospital, LLC (2161); National Payroll Services, LLC (3573); Heights Healthcare of Texas, LLC (0118); Heights Healthcare of Houston, LLC (3093); Ashland Healthcare, LLC (0023). The location of the Debtors' corporate headquarters and the Debtors' service address is 1917 Ashland Street, Houston, Texas 77008.

**UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**

**HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF BOTH ELECTRONIC AND IN-PERSON HEARINGS. TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE PEREZ'S HOME PAGE. SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

White Rock Medical Center, LLC and its debtor affiliates, as debtors and debtors in possession in the above captioned chapter 11 cases (collectively the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

### Background

1.      On January 20, 2026, and January 21, 2026 (collectively, the "**Petition Date**"), each Debtor filed a voluntary petition for relief (the "**Chapter 11 Cases**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their businesses and manage their property as a debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these Chapter 11 Cases.

2.      Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of these Chapter 11 Cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**").

3.      The Debtors are safety net hospital service providers providing emergency room and other health services to vulnerable populations in Texas.  The Debtors operate and manage two hospitals, one in Dallas and one in Houston.  The Debtors' hospitals provide a variety of health

2

care services to over 30,000 patients annually, employ over 60 primary and specialty care physicians, staff 120 beds, and have a combined workforce of nearly 400 employees.

4.      Additional information regarding the Debtors' business, capital structure and the circumstances leading to the filing of these Chapter 11 Cases is set forth in the *Declaration of Rashid Syed in Support of Chapter 11 Filings and First Day Relief* (the "**First Day Declaration**").[2]

## Jurisdiction

5.      The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference to Bankruptcy Judges* from the United States District Court for the Southern District of Texas, entered May 24, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The statutory bases for the relief requested herein are sections 105(a), and 521 of the Bankruptcy Code; Bankruptcy Rules 1007, 2002, and 9007; and Bankruptcy Local Rules 1075-1 and 9013-1.

## Relief Requested

7.      The Debtors seek entry of an order, substantially in the form annexed hereto (the "**Proposed Order**") (a) authorizing the Debtors to (i) file a consolidated creditor matrix in lieu of submitting separate mailing matrices for each Debtor, and (ii) file a consolidated list of their 30 largest unsecured creditors[3]; (b) approving the form and manner of notifying creditors of commencement of the Chapter 11 Cases and the scheduling of the meeting of creditors under section 341 of the Bankruptcy Code; and (c) granting related relief.

---

[2] Capitalized terms used herein but undefined have the meaning provided in the First Day Declaration.

[3] The Debtors intend to file a single consolidated list of the Debtors' 30 largest general unsecured creditors pursuant to Section F.14(a) of the Procedures for Complex Chapter 11 Cases in the Southern District of Texas

**<u>Relief Requested Should Be Granted</u>**

**I.      A Consolidated Creditor Matrix is Warranted for these Chapter 11 Cases.**

8.      Bankruptcy Rule 1007(a)(1) requires a debtor to file "a list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H." Fed. R. Bankr. P. 1007(a)(1). Although the list of creditors is usually filed on a debtor-by-debtor basis, in a complex chapter 11 bankruptcy case involving more than one debtor, the debtors may file a consolidated creditor matrix.[4] Here, the preparation of separate lists of creditors for each Debtor would be expensive, time-consuming, and administratively burdensome. Accordingly, the Debtors respectfully request authority to file one consolidated list of creditors (the "**Creditor Matrix**") for all the Debtors.

**II.     These Chapter 11 Cases Justify a Consolidated List of the 30 Largest General Unsecured Creditors.**

9.      Pursuant to Bankruptcy Rule 1007(d), a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders." Fed. R. Bankr. P. 1007(d). Because a large number of creditors may be shared amongst the Debtors, the Debtors request authority to file a single, consolidated list of their 30 largest general unsecured creditors (the "**Top 30 List**"). The Top 30 List will help alleviate administrative burdens, costs, and the possibility of duplicative service.

**III.    Service of the Notice of Commencement.**

10.     Bankruptcy Rule 2002(a) provides, in relevant part, that "the clerk, or the court's designee must give the debtor, the trustee, all creditors, and all indenture trustees at least 21 days' notice by mail of: the meeting of creditors under § 341 or § 1104(b)." Fed. R. Bankr. P. 2002(a).

---

[4] *See Procedures for Complex Chapter 11 Cases in the Southern District of Texas.*

Subsection (f) provides that notice of the order for relief shall be sent by mail to all creditors. *See* Fed. R. Bankr. P. 2002(f).

11.     Through Epiq, the Debtors' proposed noticing, claims, and soliciting agent (the "**Noticing and Claims Agent**"), the Debtors propose to serve the notice of commencement, substantially in the form attached as **Exhibit 1** to the Order hereto (the "**Notice of Commencement**"), on all parties listed on the Creditor Matrix to advise them of the meeting of creditors under section 341 of the Bankruptcy Code. Service of the Notice of Commencement on the Creditor Matrix will not only avoid confusion among creditors, but will prevent the Debtors' estates from incurring unnecessary costs associated with serving multiple notices to the parties listed on the Debtors' voluminous Creditor Matrix. Accordingly, the Debtors submit that service of the Notice of Commencement is warranted.

12.     Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

## Reservation of Rights

13.     Nothing contained herein is intended to be or shall be deemed as (i) an implication or admission as to the validity of any claim against the Debtors, (ii) a waiver or limitation of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable non-bankruptcy law, (iv) a waiver of the obligation of any party in interest to file a proof of claim, (v) an agreement or obligation to pay any claims, (vi) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (vii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.  Likewise, if the Court grants the relief sought herein,

any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' or any other party in interest's rights to dispute such claim subsequently.

**Emergency Consideration**

14.     Pursuant to Bankruptcy Local Rule 9013-1, the Debtors request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first twenty-one days following the commencement of a chapter 11 case if "relief is needed to avoid immediate and irreparable harm." For the reasons discussed above and in the First Day Declaration, an immediate and orderly transition into chapter 11 is critical to the viability of the Debtors' operations. Failure to receive the requested relief in this Motion during the first twenty-one days of these Chapter 11 Cases would severely disrupt the Debtors' operations at this important juncture and cause immediate and irreparable harm. The requested relief is necessary for the Debtors to operate their business in the ordinary course, preserve the ongoing value of their operations, and maximize the value of their estates for the benefit of all stakeholders. The Debtors have demonstrated that the requested "relief is needed to avoid immediate and irreparable harm," as contemplated by Bankruptcy Rule 6003, and request that the court grant the relief requested in this Motion.

**Notice**

15.     Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Order granting the

relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: January 22, 2026
      Houston, Texas

Respectfully submitted

*/s/ Omar J. Alaniz*
**REED SMITH LLP**
Omar J. Alaniz (SBN 24040402)
2850 N. Harwood Street, Suite 1500
Dallas, TX 75201
Telephone: (469) 680-4200
Facsimile: (469) 680-4299
E-mail:  oalaniz@reedsmith.com

*Proposed Attorney for the*
*Debtor and Debtor-in-Possession*

## Certificate of Service

I hereby certify that on January 22, 2026 a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas and will be served on all parties required by Local Rule 9013-1(d).

*/s/ Omar J. Alaniz*
Omar J. Alaniz