United States Bankruptcy Court
Southern District of Texas
**ENTERED**
February 27, 2026
Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | **Chapter 11** |
| **WHITE ROCK MEDICAL CENTER, LLC,** *et. al.*[1] | § § | **Case No. 26-90115 (ARP)** |
| | § | **(Jointly Administered)** |
| Debtors. | § § § | |

### ORDER (I) ESTABLISHING DEADLINES AND PROCEDURES FOR FILING PROOFS OF CLAIM; (II) APPROVING FORM AND MANNER OF NOTICE THEREOF; AND (III) GRANTING RELATED RELIEF

Upon the motion, dated February 23, 2026 (ECF No. 119) (the "**Motion**")[2] of White Rock Medical Center, LLC. and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), for an order (the "**Order**") establishing deadlines and procedures for filing certain claims pursuant to sections 501, 502, 503, 1111(a), and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") Rules 2002, 3001, 3003(c)(3), and 5005(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3003-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**"), as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and this Court having

---

1 The Debtors in these Chapter 11 Cases and the last four digits of each of their federal identification numbers are White Rock Medical Center, LLC (6083); NCP Management, LLC (8327); North Houston Surgical Hospital, LLC (2161); National Payroll Services, LLC (3573); Heights Healthcare of Texas, LLC (0118); Heights Healthcare of Houston, LLC (3093); and Ashland Healthcare, LLC (0023). The location of the Debtors' corporate headquarters and the Debtors' service address is 1917 Ashland Street, Houston, Texas 77008.

2 Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

reviewed the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1.      Except as explicitly extended or modified pursuant to the Procedures outlined in this Order, (i) the General Bar Date is **April 2, 2026 at 5:00 p.m. (Central Time)**, as established by this Court pursuant to this Order and (ii) the Governmental Bar Date is **July 20, 2026 at 5:00 p.m. (Central Time)**, as established pursuant to Bankruptcy Local Rule 3003-1.

2.      The Debtors may agree to extend the Bar Dates on behalf of a requesting claimant.

3.      Each Proof of Claim must: (i) be legible; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m. (Central Time), on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) conform to the Proof of Claim form provided by the Debtors, substantially in the form attached to this Order as **Exhibit 1** (the "**Proof of Claim Form**") or Official Form 410; (iv) set forth with reasonable specificity the legal and factual basis for the alleged claim; and (v) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.

4.      Each person or entity that holds or asserts a claim, as defined in section 101(5) of the Bankruptcy Code, against any of the Debtors shall file a separate Proof of Claim in the bankruptcy case of each Debtor against which a claim is asserted. If more than one Debtor is listed

on any particular Proof of Claim form, such claim shall be deemed to have been filed only against the first listed Debtor. If a Proof of Claim is filed under the lead case number (No. 26-90115 (ARP)) or otherwise does not identify the specific Debtor, such claim will be deemed to have been filed only against White Rock Medical Center, LLC.

5.      If, on or after the date on which the Debtors serve the Bar Date Packages, the Debtors amend or supplement their Schedules (i) to reduce the undisputed, noncontingent, and liquidated amount of a claim; (ii) to change the nature or characterization of a claim; or (iii) to add a new claim to the Schedules, the affected claimant shall file a Proof of Claim or, to the extent necessary, amend any previously-filed Proof of Claim in respect of the amended scheduled claim, in accordance with the procedures described herein so that it is received, as provided in paragraph seven (7) below, by Epiq, on or before the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, or (b) thirty (30) days after the claimant is served with notice of the applicable amendment or supplement to the Schedules (the "**Amended Schedule Bar Date**").

6.      Proofs of Claim in connection with Rejection Damages Claims shall be filed so that they are received, as provided in paragraph 7 below, by Epiq on or before the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) thirty (30) days after the entry of an order of this Court authorizing the Debtors' rejection of the applicable executory contract or unexpired lease (including any order confirming the Debtors' plan of reorganization) (the "**Rejection Bar Date**").

7.      All Proofs of Claim must be ***actually received*** by Epiq no later than the applicable Bar Date, either by the claimant (i) submitting such Proof(s) of Claim electronically through Epiq, at  https://dm.epiq11.com/case/whiterockmedicalcenter/info; (ii) filing such Proof(s) of Claim electronically    through    PACER    (Public    Access    to    Court    Electronic    Records),    at

https://ecf.txsb.uscourts.gov; or (iii) delivering the original Proof(s) of Claim to Epiq by first class

mail, overnight mail, or hand delivery, to the following addresses:

| If by First-Class Mail | If by Hand Delivery or Overnight Mail |
|---|---|
| White Rock Medical Center, LLC<br>Claims Processing Center<br>c/o Epiq Corporate Restructuring, LLC<br>P.O. Box 4420<br>Beaverton, OR 97076-4420 | White Rock Medical Center, LLC<br>Claims Processing Center<br>c/o Epiq Corporate Restructuring, LLC<br>10300 SW Allen Blvd.<br>Beaverton, OR 97005 |

8.      Epiq will not accept Proofs of Claim by facsimile, telecopy, email, or other

electronic submission, other than as specifically provided herein.

9.      Claimants submitting a Proof of Claim through non-electronic means wishing to

receive acknowledgment that their Proofs of Claim were received by Epiq must submit a (i) copy

of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Epiq) and (ii)

self-addressed, stamped envelope.

10.     The following persons and entities may, but are not required to, file Proofs of Claim

in these chapter 11 cases:

a.  the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

b.  any person or entity that has already properly filed or submitted a Proof of Claim
    against the correct Debtor(s), but only with respect to the particular claim that was
    properly filed against the correct Debtor(s);

c.  any person or entity (i) whose claim is listed in the Schedules or any amendments
    thereto, (ii) whose claim is not described therein as "disputed," "contingent," or
    "unliquidated," and (iii) who does not dispute the amount or characterization of its
    claim as set forth in the Schedules (including that the claim is an obligation of the
    specific Debtor against which the claim is listed in the Schedules);

d.  any entity that holds a claim allowable under sections 503(b) and 507(a)(2) of the
    Bankruptcy Code as an administrative expense (other than any claim allowable under
    section 503(b)(9) of the Bankruptcy Code), including any professionals retained by the
    Debtors or any statutory committee pursuant to orders of this Court that asserts
    administrative claims for fees and expenses subject to the Court's approval pursuant to
    sections 330 and 331 of the Bankruptcy Code, but, in each case, solely to the extent of
    such administrative claim(s);

  e. any party that is exempt from filing a Proof of Claim pursuant to an order of the Court in these chapter 11 cases;

  f. any person or entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

  g. any person or entity holding an equity security (as defined in section 101(16) of the Bankruptcy Code) in any Debtor solely with respect to such equity security interest; provided that if any such holder also wishes to assert a claim against (as opposed to an equity security interest in) any Debtor, including, but not limited to, a claim arising from the purchase or sale of a security of any Debtor or rescission under section 510 of the Bankruptcy Code, such holder must submit a Proof of Claim asserting such claim on or before the applicable Bar Date;

  h. any Debtor asserting a claim against another Debtor;

  i. Platinum Heights, LP; and

  j. any person or entity whose claim against the Debtors has been allowed by an order of the Court, entered on or before the applicable Bar Date.

  11. Proofs of Claim signed electronically by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration.

  12. Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is either voluminous or unavailable, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available, as applicable; *provided* that any creditor shall be required to transmit such documentation, if available, to Debtors' counsel upon request no later than ten (10) days from the date of such request. The terms of this paragraph shall not apply to parties permitted to file Master Proof of Claim (defined below) as set forth in this Order.

  13. Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach

documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

14.     Except to the extent otherwise provided in a further order of this Court, any person or entity that is required to timely file a Proof of Claim in the form and manner specified by this Order and who fails to do so on or before the Bar Date associated with such claim (i) shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors or thereafter filing a Proof of Claim with respect thereto in the chapter 11 cases; (ii) shall not, with respect to such claim, be treated as a creditor of the Debtors for the purpose of voting on any plan in the chapter 11 cases; and (iii) shall not receive or be entitled to receive any payment or distribution of property from the Debtors or their successors or assigns with respect to such claim in the chapter 11 cases.

15.     The Proof of Claim Form, substantially in the form attached to this Order as **Exhibit 1**, the Bar Date Notice, substantially in the form attached to this Order as **Exhibit 2**, and the Publication Notice, substantially in the form attached to this Order as **Exhibit 3**, are each hereby approved in all respects.

16.     Within three (3) business days after entry of this Order, the Debtors shall cause Epiq to serve the Bar Date Notice, together with a Proof of Claim Form (collectively the "**Bar Date Package**") by first class United States mail, postage prepaid (or equivalent service), to the following persons and entities:

   a.   The Office of the United States Trustee for Region 7;

   b.   All creditors and other known holders of claims against the Debtors as of the date of entry of this Order, including all entities listed in the Schedules as holding claims against the Debtors;

   c.   All parties that have requested notice in these cases pursuant to Bankruptcy Rule 2002 as of the date of the entry of this Order;

> d.  All entities that have already filed Proofs of Claim in these chapter 11 cases as of the date of entry of this Order;
>
> e.  All entities who are party to executory contracts and unexpired leases with the Debtors;
>
> f.  All entities who are party to litigation with the Debtors;
>
> g.  All employees who are currently employed by the Debtors or were employed by the Debtors in the last two and a half years (to the extent that contact information for former employees is available in the Debtors' records);
>
> h.  All regulatory authorities that regulate the Debtors' businesses;
>
> i.  The Offices of the Attorney General for each of the states in which the Debtors operate;
>
> j.  All known non-Debtor equity and interest holders of the Debtors as of the date this Order is entered; and
>
> k.  All taxing authorities for the jurisdictions in which the Debtors maintain or conduct business.

17.    The Debtors are authorized to publish the Publication Notice in such publications, as the Debtors deem appropriate, as soon as practicable following entry of this Order, which Publication Notice is hereby approved in all respects and which shall be deemed good, adequate, and sufficient notice of the Bar Dates by publication.

18.    The Debtors are permitted, but not required, to make supplemental mailings of the Bar Date Package. To the extent that any Bar Date Packages are returned as "return to sender" without a forwarding address, the Debtors are not required to mail additional notices to such creditors or parties in interest, as applicable.

19.    The Proof of Claim Form is hereby approved in all respects. The Debtors shall provide each of the creditors listed on the Schedules with a Proof of Claim form.

20.    The Debtors will cause Epiq to prominently display the Bar Date Notice, the Bar Dates, and this Order on the Debtors' case website at https://dm.epiq11.com/case/whiterockmedicalcenter/info.

21.     The Bar Date Notice shall be deemed good, adequate, and sufficient notice of the relief granted by this Order to all known creditors of the Debtors if it is served, together with the Proof of Claim Form, as set forth in this Order and in the manner set forth herein, no later than twenty-one (21) days before the General Bar Date upon all known persons and entities holding potential claims against the Debtors.

22.     Nothing contained in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be deemed as (i) an implication or admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) a waiver of the obligation of any party in interest to file a proof of claim, (v) an agreement or obligation to pay any claims, (vi) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (vii) an admission as to the validity of any liens, or (viii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

23.     The Debtors are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order.

24.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

 Signed: February 27, 2026

Alfredo R Pérez
United States Bankruptcy Judge

## EXHIBIT 1

**Proof of Claim Form**

**United States Bankruptcy Court for the Southern District of Texas**

**White Rock Medical Center, LLC Claims Processing Center**
**c/o Epiq Corporate Restructuring, LLC**
**P.O. Box 4420**
**Beaverton, OR 97076-4420**

To file a claim online, please go to https://epiqworkflow.com/cases/wrm

**Name of Debtor:**

**Case Number:**

☐ Check box if the address on the envelope sent to you by the court needs to be updated. Identify your replacement address in Part 1 (Section 3) below.

**For Court Use Only**

## Fill in this information to identify the case (Select only one Debtor per claim form):

☐ White Rock Medical Center, LLC (Case No. 26-90115)

☐ Heights Healthcare of Houston, LLC (Case No. 26-90116)

☐ Heights Healthcare of Texas, LLC (Case No. 26-90117)

☐ Ashland Healthcare, LLC (Case No. 26-90120)

☐ National Payroll Services LLC (Case No. 26-90121)

☐ NCP Management, LLC (Case No. 26-90122)

☐ North Houston Surgical Hospital, LLC (Case No. 26-90123)

# Proof of Claim (Official Form 410)

**04/25**

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Except for claims under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503. Filers must leave out or **redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.  18 U.S.C. §§ 152, 157, and 3571.
**Fill in all the information about the claim as of the date the case was filed.  That date is on the notice of bankruptcy** (Form 309) **that you received.**

### Part 1:     Identify the Claim

**1.    Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): _____

Other names the creditor used with the debtor: _____

**2.    Has this claim been acquired from someone else?**    ☐ No  ☐ Yes.   From whom? _____

**3.    Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Name _____

Number     Street _____

City                    State          ZIP Code

Country (if International): _____

Contact phone: _____

Contact email: _____

Uniform claim identifier (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**Where should payments to the creditor be sent?**
(if different)

Name _____

Number      Street

City                    State          ZIP Code

Country (if International): _____

Contact phone: _____

Contact email: _____

**4.  Does this claim amend one already filed?**

☐ No

☐ Yes.   Claim number on court claims register (if known) _____

Filed on _____
            MM  / DD  / YYYY

**5.  Do you know if anyone else has filed a proof of claim for this claim?**

☐ No

☐ Yes.  Who made the earlier filing?

_____

**6. Do you have any number you use to identify the debtor?**

☐ No

☐ Yes.

Last 4 digits of the debtor's account or any number you use to identify the debtor:

____ ____ ____ ____

**7. How much is the claim?**

$_____.

**Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

_____

---

**9. Is all or part of the claim secured?**

☐ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                    $_____

**Amount of the claim that is secured:**   $_____

**Amount of the claim that is unsecured:** $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any**
**default as of the date of the petition:** $ _____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of petition.**

$_____

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☐ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a)( ___ ) that applies.

\* Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☐ No

☐ Yes. **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $**_____

| Part 3: | Sign Below |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____

MM / DD / YYYY          Signature _____

**Print the name of the person who is completing and signing this claim:**

Name _____

First name          Middle name          Last name

Title _____

Company _____

Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____

Number          Street

_____

City          State          ZIP Code

Contact Phone _____          Email _____

## Exhibit 2

**Bar Date Notice**

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| WHITE ROCK MEDICAL CENTER, LLC, | § | Case No. 26-90115 (ARP) |
| *et. al.*[1] | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |
| | § | |
| | § | |

### NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM

**TO:    ALL PERSONS OR ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY DEBTOR(S) LISTED BELOW.**

**PLEASE TAKE NOTICE THAT:**

1.      On January 20, 2026, and January 21, 2026 (collectively, the "**Petition Date**"), White Rock Medical Center, LLC and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "**Court**"). Attached hereto as **Exhibit A** are the name, federal tax identification number and the case number for each of the Debtors.

### BAR DATES

2.      On [●], 2026, the Court entered the Order (I) Establishing Deadlines and Procedures for Filing Proofs of Claim; (II) Approving Form and Manner of Notice Thereof; and (III) Granting Related Relief (Docket No.●) (the "**Bar Date Order**"),[2] pursuant to which the Court

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each of their federal identification numbers are White Rock Medical Center, LLC (6083); NCP Management, LLC (8327); North Houston Surgical Hospital, LLC (2161); National Payroll Services, LLC (3573); Heights Healthcare of Texas, LLC (0118); Heights Healthcare of Houston, LLC (3093); and Ashland Healthcare, LLC (0023). The location of the Debtors' corporate headquarters and the Debtors' service address is 1917 Ashland Street, Houston, Texas 77008.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bar Date Order.

established **March 26, 2026 at 5:00 p.m. (Central Time)** (the "**General Bar Date**") as the deadline for non-governmental units to file proofs of claim against any Debtor and **July 20, 2026 at 5:00 p.m. (Central Time)** as the deadline for governmental units to file proofs of claim against any Debtor (the "**Governmental Bar Date**" and, together with the General Bar Date, the "**Bar Dates**").

3.        **The Bar Dates apply to all claims against any of the Debtors that arose before the Petition Date**, including, but not limited to, claims against the Debtors arising under section 503(b)(9) of the Bankruptcy Code;[3] *provided*, *however*, that the Bar Dates do not apply to the "Excluded Claims" listed in paragraph 6 below.

### PROCEDURES FOR FILING CLAIMS AGAINST ABOVE-REFERENCED DEBTORS:

4.        Pursuant to the Bar Date Order, the Court established certain procedures for filing proofs of claim, which procedures are summarized in this notice for your convenience.

5.        Unless you fall into one of the "Excluded Claim" categories listed in paragraph 6 below, you **MUST** file a proof of claim if you have any claim against any of the Debtors that arose before the Petition Date. Acts or omissions that occurred before the Petition Date may give rise to claims, including, but not limited to, personal injury or asbestos claims for which injury has not yet manifested, and are subject to the Bar Dates even if the claims may not have become known or fixed or liquidated until after the Petition Date. Under section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach

---

[3]    A claim arising under section 503(b)(9) of the Bankruptcy Code is a claim arising from the value of any goods received by the Debtors within twenty (20) days before Petition Date, provided that the goods were sold to the Debtors in the ordinary course of the Debtors' business.

of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

6. The Bar Date Order provides that creditors do NOT have to file proofs of claim by the Bar Dates for the types of claims listed below in this paragraph 6 (collectively, the "**Excluded Claims**"). You may, but are not required to, file a proof of claim at this time for any Excluded Claim. The Court may enter one or more separate orders at a later time requiring creditors to file proofs of claim for some kinds of Excluded Claims and setting related deadlines. If the Court does enter such an order, you will receive notice of it. Excluded Claims include:

a. the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

b. any person or entity that has already properly filed or submitted a Proof of Claim against the correct Debtor(s), but only with respect to the particular claim that was properly filed against the correct Debtor(s);

c. any person or entity (i) whose claim is listed in the Schedules or any amendments thereto, (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated," and (iii) who does not dispute the amount or characterization of its claim as set forth in the Schedules (including that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules);

d. any entity that holds a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code), including any professionals retained by the Debtors or any statutory committee pursuant to orders of this Court that asserts administrative claims for fees and expenses subject to the Court's approval pursuant to sections 330 and 331 of the Bankruptcy Code, but, in each case, solely to the extent of such administrative claim(s);

e. any party that is exempt from filing a Proof of Claim pursuant to an order of the Court in these chapter 11 cases;

f. any person or entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

g. any person or entity holding an equity security (as defined in section 101(16) of the Bankruptcy Code) in any Debtor solely with respect to such equity security interest;

provided that if any such holder also wishes to assert a claim against (as opposed to an equity security interest in) any Debtor, including, but not limited to, a claim arising from the purchase or sale of a security of any Debtor or rescission under section 510 of the Bankruptcy Code, such holder must submit a Proof of Claim asserting such claim on or before the applicable Bar Date;

h.      any Debtor asserting a claim against another Debtor;

i.      Platinum Heights, LP; and

j.      any person or entity whose claim against the Debtors has been allowed by an order of the Court, entered on or before the applicable Bar Date.

7.      **THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS BELIEVE YOU HAVE A CLAIM.**

8.      If the Debtors file (i) any schedules of assets and liabilities and statements of financial affairs (collectively, the "**Schedules**") and identify parties not included on their creditor matrix as of the time you receive this notice, or make (ii) an amendment (an "**Amendment**") to any of the Schedules that (a) reduces the undisputed, noncontingent, and liquidated amount of the claim, or (b) changes the nature or characterization of that claim, or (c) adds a new claim to the Schedules, the Debtors will give notice of that Amendment to the holders of the claims that are affected by it, and those holders will be given an opportunity to file proofs of claim or, to the extent necessary, amend any previously-filed proof of claim by the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) thirty (30) days after the claimant is served with notice of the applicable Amendment. Any amended proof of claim or subsequently filed proof of claim shall be deemed to have superseded any prior proof of claim filed with respect to that amended claim.

9.      The Bankruptcy Code provides that debtors may, at any time before a plan of reorganization or liquidation is confirmed by the Court, choose to reject certain executory contracts

or unexpired leases. If your contract or lease is rejected, you may have a claim resulting from that rejection. The deadline to file a proof of claim for damages relating to the rejection of the contract or lease is the later of (a) the General Bar Date or Governmental Bar Date, as applicable, or (b) thirty (30) days after entry of any order authorizing the rejection of the contract or lease.

**<u>INSTRUCTIONS FOR FILING PROOFS OF CLAIM:</u>**

10.    If you file a proof of claim, your filed proof of claim must (i) be legible; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m. (Central Time) on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) conform substantially to the proof of claim form provided by the Debtors or Official Form 410; (iv) set forth with reasonable specificity the legal and factual basis for the alleged claim; and (v) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink. The Debtors are enclosing a proof of claim form for use in these chapter 11 cases. Each proof of claim must state a claim against only one Debtor and clearly indicate the Debtor against which the claim is asserted. If your claim is scheduled by the Debtors, the form also sets forth the amount of your claim as scheduled by the Debtors, the specific Debtor against which the claim is scheduled and whether the claim is scheduled as contingent, unliquidated, or disputed. You will receive a different proof of claim form for each claim scheduled in your name by the Debtors. If you require additional proof of claim forms, you may obtain a proof of claim form from any bankruptcy court clerk's office, your lawyer, certain business supply stores, or by accessing the Debtors' bankruptcy administration website, at https://dm.epiq11.com/case/whiterockmedicalcenter/info.

11.     If your claim asserts a security interest in property of the Debtors, your proof of claim must be accompanied by evidence that such security interest has been perfected. If, however, such documentation is voluminous, upon consent of the Debtors' counsel, your proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available, *provided* that any creditor that received such consent shall be required to transmit such writings to Debtors' counsel upon request no later than ten (10) days from the date of such request.

12.     Your proof of claim form must be filed so as to be RECEIVED on or before **March 26, 2026 at 5:00 p.m. (Central Time)** for general creditors (non-governmental units), and **July 20, 2026 at 5:00 p.m. (Central Time)** for governmental units. You can file your proof(s) of claim (i) electronically through Epiq Corporate Restructuring, LLC ("**Epiq**"), at https://dm.epiq11.com/case/whiterockmedicalcenter/info; (ii) electronically through PACER (Public Access to Court Electronic Records), at https://ecf.txsb.uscourts.gov; or (iii) by delivering the original proof(s) of claim to Epiq by first class mail, overnight mail or hand delivery at the following address:

| If by First-Class Mail | If by Hand Delivery or Overnight Mail |
|---|---|
| White Rock Medical Center, LLC<br>Claims Processing Center<br>c/o Epiq Corporate Restructuring, LLC<br>P.O. Box 4420<br>Beaverton, OR 97076-4420 | White Rock Medical Center, LLC<br>Claims Processing Center<br>c/o Epiq Corporate Restructuring, LLC<br>10300 SW Allen Blvd.<br>Beaverton, OR 97005 |

*Epiq will not accept a proof of claim sent by facsimile or e-mail, and any proof of claim submitted via facsimile or e-mail will be disregarded.*

**CONSEQUENCES OF MISSING DEADLINES FOR FILING CLAIMS:**

13.     EXCEPT WITH RESPECT TO EXCLUDED CLAIMS (AS DESCRIBED IN PARAGRAPH SIX (6) ABOVE), IF YOU FAIL TO FILE A PROOF OF CLAIM SO THAT IT

IS ACTUALLY RECEIVED ON OR BEFORE THE APPLICABLE BAR DATE ON ACCOUNT OF ANY CLAIM YOU WISH TO ASSERT AGAINST THE DEBTORS, THEN YOU WILL NOT, WITH RESPECT TO SUCH CLAIM, BE TREATED AS A CREDITOR FOR VOTING OR DISTRIBUTION PURPOSES WITH RESPECT TO THE CHAPTER 11 CASES.

**EXAMINATION OF BAR DATE ORDER AND SCHEDULES:**

14.     Copies of the Bar Date Order, the Schedules (once filed), and other information regarding the Debtors' chapter 11 cases are available for inspection free of charge on the Debtors' bankruptcy administration website, at  https://dm.epiq11.com/case/whiterockmedicalcenter/info, maintained by the Debtors' claims and noticing agent, Epiq. Copies of the Schedules and other documents filed in these chapter 11 cases may also be examined between the hours of 8:00 a.m. and 5:00 p.m. (Central Time), Monday through Friday, at the Office of the Clerk of the Court, 515 Rusk Avenue, Houston, TX 77002.

**QUESTIONS:**

15.     Proof of claim forms and a copy of the Bar Date Order may be obtained by visiting Epiq's website at  https://dm.epiq11.com/case/whiterockmedicalcenter/info. Epiq cannot advise you how to file, or whether you should file, a proof of claim. Questions concerning the contents of this Notice and requests for copies of filed proofs of claim should be directed to Epiq through email at whiterockmedical@epiqglobal.com or by calling Epiq at (877) 239-1187 (Toll-Free Number within the U.S./Canada) and (503) 660-4393 (International). Please note that neither Epiq's staff, counsel to the Debtors, nor the Clerk of the Court's Office is permitted to give you legal advice. Epiq cannot advise you how to file, or whether you should file, a proof of claim.

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

**Exhibit A**

**Debtor Information**

| Name of Debtor | Case Number | Employer Identification Number |
|---|---|---|
| White Rock Medical Center, LLC | 26-90115 | 82-3626083 |
| NCP Management, LLC | 26-90122 | 82-1598327 |
| North Houston Surgical Hospital, LLC | 26-90123 | 84-3992161 |
| National Payroll Services, LLC | 26-90121 | 86-4263573 |
| Heights Healthcare of Texas, LLC | 26-90117 | 93-3740118 |
| Heights Healthcare of Houston, LLC | 26-90116 | 33-3603093 |
| Ashland Healthcare, LLC | 26-90120 | 33-3530023 |

**<u>Exhibit 3</u>**

**Publication Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § § | **Chapter 11** |
| | § | |
| **WHITE ROCK MEDICAL CENTER, LLC,** | § | **Case No. 26-90115 (ARP)** |
| **et. al.**[1] | § | |
| | § | **(Jointly Administered)** |
| **Debtors.** | § | |
| | § | |
| | § | |

**NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.     Commencing on January 20, 2026, and January 21, 2026 (collectively, the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "**Court**"). Set forth below are the name, federal tax identification number and the case number for each of the Debtors:

| Name of Debtor | Case Number | Employer Identification Number |
|---|---|---|
| White Rock Medical Center, LLC | 26-90115 | 82-3626083 |
| NCP Management, LLC | 26-90122 | 82-1598327 |
| North Houston Surgical Hospital, LLC | 26-90123 | 84-3992161 |
| National Payroll Services, LLC | 26-90121 | 86-4263573 |
| Heights Healthcare of Texas, LLC | 26-90117 | 93-3740118 |
| Heights Healthcare of Houston, LLC | 26-90116 | 33-3603093 |
| Ashland Healthcare, LLC | 26-90120 | 33-3530023 |

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each of their federal identification numbers are White Rock Medical Center, LLC (6083); NCP Management, LLC (8327); North Houston Surgical Hospital, LLC (2161); National Payroll Services, LLC (3573); Heights Healthcare of Texas, LLC (0118); Heights Healthcare of Houston, LLC (3093); and Ashland Healthcare, LLC (0023). The location of the Debtors' corporate headquarters and the Debtors' service address is 1917 Ashland Street, Houston, Texas 77008.

2.      On [●], 2026, the Court entered the *Order (I) Establishing Deadlines and Procedures for Filing Proofs of Claim, (II) Approving Form and Manner of Notice Thereof, and (III) Granting Related Relief* (Docket No. ●) (the "**Bar Date Order**").[2]

3.      Pursuant to the Bar Date Order, all persons, entities, and governmental units who have a claim or potential claim, including any claims under section 503(b)(9) of the Bankruptcy Code,[3] against any of the Debtors that arose prior to the Petition Date, no matter how remote or contingent such right to payment or equitable remedy may be, **MUST FILE A PROOF OF CLAIM**, so as to be received on or before **March 26, 2026 at 5:00 p.m. (Central Time)** for general creditors (the "**General Bar Date**") and **July 20, 2026** for governmental units (the "**Governmental Bar Date**," and together with the General Bar Date, the "**Bar Dates**"), by (i) filing such Proof(s) of Claim electronically through Epiq, at https://dm.epiq11.com/case/whiterockmedicalcenter/info; (ii) filing such Proof(s) of Claim electronically through PACER (Public Access to Court Electronic Records), at https://ecf.txsb.uscourts.gov; or

(i)      mailing the original Proof(s) of Claim to Epiq at the following address:

| If by First-Class Mail | If by Hand Delivery or Overnight Mail |
|---|---|
| White Rock Medical Center, LLC<br>Claims Processing Center<br>c/o Epiq Corporate Restructuring, LLC<br>P.O. Box 4420<br>Beaverton, OR 97076-4420 | White Rock Medical Center, LLC<br>Claims Processing Center<br>c/o Epiq Corporate Restructuring, LLC<br>10300 SW Allen Blvd.<br>Beaverton, OR 97005 |

**PROOFS OF CLAIM SENT BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED.**

4.      The Bar Dates apply to all claims against the Debtors arising under section 503(b)(9) of the Bankruptcy Code; provided, however, that the Bar Dates do not apply to the Excluded Claims listed in paragraph 10 of the Bar Date Order.

**5.      ANY PERSON OR ENTITY (EXCEPT A PERSON OR ENTITY WHO IS EXCUSED BY THE TERMS OF THE BAR DATE ORDER) WHO FAILS TO FILE A PROOF OF CLAIM ON OR BEFORE THE APPLICABLE BAR DATE IN ACCORDANCE WITH THE INSTRUCTIONS ABOVE WILL NOT BE TREATED AS A CREDITOR FOR PURPOSES OF VOTING UPON, OR RECEIVING DISTRIBUTIONS UNDER, ANY PLAN OR PLANS OF REORGANIZATION OR LIQUIDATION IN THE CHAPTER 11 CASES.**

6.      Proof of claim forms and a copy of the Bar Date Order may be obtained by visiting https://dm.epiq11.com/case/whiterockmedicalcenter/info, maintained by the Debtors' claims and noticing agent, Epiq Corporate Restructuring, LLC ("**Epiq**"). Questions concerning the contents

---

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bar Date Order.

[3]   A claim arising under section 503(b)(9) of the Bankruptcy code is a claim arising from the value of any goods received by the Debtors within twenty (20) days before Petition Date, provided that the goods were sold to the Debtors in the ordinary course of the Debtors' business.

of this Notice and requests for copies of filed proofs of claim should be directed to Epiq through email at whiterockmedical@epiqglobal.com. Please note that neither Epiq's staff, counsel to the Debtors, nor the Clerk of the Court's Office is permitted to give you legal advice. Epiq cannot advise you how to file, or whether you should file, a proof of claim.

> **A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**