IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Case No. 26-90115 (ARP)** |
| | § | |
| **WHITE ROCK MEDICAL CENTER,** | § | **Chapter 11** |
| **LLC, et. al.** | § | |
| | § | **(Jointly Administered)** |
| **Debtors.** | § | |
| | § | |

**MOTION OF ATHELAS INC. TO SHORTEN TIME AND FIX DATES AND
CONDITIONS BY WHICH DEBTOR MUST ASSUME, ASSUME AND
ASSIGN, OR REJECT EXECUTORY CONTRACT**

**If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

TO THE HONORABLE JUDGE PEREZ:

Athelas Inc. ("Athelas" or "Movant"), by and through its undersigned counsel, files this Motion to Shorten Time and Fix Dates and Conditions by which Debtor Must Assume, Assume and Assign, or Reject the Athelas Service Agreement or Otherwise Be Deemed to Have Rejected the Athleas Service Agreement, and would respectfully show the following:

**I. SUMMARY OF RELIEF SOUGHT**

1.      Movant seeks an order from this Court shortening the time for Debtor to assume or reject the Athelas Service Agreement defined herein, and setting fixed, firm and immutable dates by which the Athelas Service Agreement must either be cured and assumed or, alternatively,

rejected or be deemed rejected.  In addition, the Court should declare that no further extensions of such deadline will be granted.

2.    Alternatively, Movant request that if this Court denies the Motion, that the Court permits Movant to pause the implementation of its services and product under the Athelas Service Agreement until the earlier of the sale of substantially all of the Debtor's assets, confirmation of a plan of reorganization, or conversion to Chapter 7.

3.    By a companion, concurrently filed Stay Motion entitled *"Motion of Athelas Inc. for Relief from the Automatic Stay to Exercise Termination,"* (the "Stay Motion") Movant seeks, additionally or in the alternative to the relief herein, relief from the Automatic Stay to permit related relief.

## II.  JURISDICTION, VENUE, AND STATUS

4.    The Bankruptcy Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and the standing order of reference from the District Court.

5.    Venue in this District is proper.

6.    This is a core proceeding under 28 U.S.C. § 157(b)(2).

## III.  BACKGROUND AND FACTS

7.    Debtor White Rock Medical Center, LLC ("White Rock" or "Debtor") is a healthcare facility located in Dallas, Texas.

8.    The Debtor and several affiliates filed their respective Chapter 11 cases on January 20, 2026 (the "Petition Date").

9.    Movant is company that develops and implements revenue cycle management systems ("RCM") for healthcare providers. When Movant contracts with a provider, such as a hospital, it does not pull software off a shelf. Instead, Movant must examine the provider's current systems and needs and then roll out a highly individualized software implementation for the

**MOTION OF ATHELAS INC. TO SHORTEN TIME AND FIX**
**DATES AND CONDITIONS BY WHICH DEBTOR MUST ASSUME,**
**ASSUME AND ASSIGN, OR REJECT EXECUTORY CONTRACT**

provider. Once planned, Movant must implement the system, train the provider's employees and then transition the providers records into the new billing system by an agreed "Go Live Date". This process usually takes months and requires a significant investment of thousands of dollars by Movant. Once implemented and online, Movant continues to provide maintenance services to the provider.

10. Prior to the Petition Date, on November 30, 2025, Movant and Debtor entered into the Athelas Service Agreement wherein Movant agreed to among other things, customize and implement new AI-based RCM system for White Rock ("Athelas Service Agreement").   A true and correct redacted copy of the Athelas Service Agreement is attached hereto as Exhibit "A."

11. The Athelas Service Agreement contained several material provisions including:

a. Termination rights:

(i) by Movant if Movant determines that implementation would be high risk for the Debtor (Athelas Service Agreement at page 3); and

(ii) for either party without cause following 60-days written notice (Athelas Service Agreement at page 3);

b. Consent requirement for Movant in the event of an attempted assignment of the agreement (Athelas Service Agreement – RCM Terms of Agreement at page 12 – Terms of Use);

c. Indemnification of Movant by the Debtor (Athelas Service Agreement – RCM Terms of Agreement at page 12 – Terms of Use); and,

d. Confidentiality of the agreement terms (Athelas Service Agreement – RCM Terms of Agreement at page 12 – Terms of Use).

12. Under the Athelas Service Agreement, the first step in the process would be for Movant's representatives to spend a significant amount of time at the Debtor's facilities to examine the current system and other items that would impact the implementation. Just before that

preliminary step got significantly underway, however, this bankruptcy case was filed, leaving Movant in the lurch.

13. Upon learning about the filing, Movant sought to pause the implementation due to the fact that it appeared according to the bankruptcy pleadings that a sale of the Debtor may be in prospect making the implementation high risk and because even if the agreement was successfully assumed in the bankruptcy, it would still be subject to the 60-day termination provision exercisable by Movant or the Debtor and the high risk termination. As a result, before Movant engages in expensive and time-consuming efforts in the implementation of the agreement, it has a right to know if the contract is going to be assumed or rejected.[1]

## IV.  RELIEF SOUGHT AND LEGAL AUTHORITIES IN SUPPORT

**The Debtor[s] Should Be Compelled to Assume or Reject the Athelas Service Agreement**

14. Section 365(d)(2) of the Bankruptcy Code provides that a debtor may assume or reject executory contracts and unexpired leases of residential real property and personal property at any time before confirmation of a plan. However, section 365(d)(2) also provides that a court may, on the request of a nondebtor party to such contract or lease, shorten the time period within which the debtor must decide to assume or reject the contract or lease. 11 U.S.C. § 365(d)(2) see *In re Mirant Corp.*, 440 F.3d 238, 253-54 (5th Cir. 2006) (recognizing the right of the non-debtor to file a motion to compel assumption or rejection of a lease or executory contract within a specified period of time).

15. The legislative history of section 365(d)(2) indicates that the purpose of that section is to "prevent parties in contractual or lease relationships with a debtor from being left in doubt

---

[1] Movant does not consent and, to the contrary reserves all rights, with respect to any sight unseen proposed assumption or proposed assumption.

**MOTION OF ATHELAS INC. TO SHORTEN TIME AND FIX
DATES AND CONDITIONS BY WHICH DEBTOR MUST ASSUME,
ASSUME AND ASSIGN, OR REJECT EXECUTORY CONTRACT** <span style="float:right">Page 4 of 9</span>

concerning their status vis-à-vis the estate." H. Rep. No. 95-595, 95th Cong. 1st Sess. at 348 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. at 59 (1978); see also *In re Univ. Med. Ctr.*, 973 F.2d 1065, 1078-79 (3d Cir. 1992). Accordingly, while section 365(d)(2) generally allows the trustee or debtor-in-possession a reasonable time within which to determine whether assumption or rejection of an executory contract would be beneficial to an effective reorganization, it is not without limits. *In re Adelphia Commc'ns. Corp.*, 291 B.R. 283, 292 (Bankr. S.D.N.Y. 2003) (citations omitted).

17.     The determination of what constitutes a reasonable time to assume or reject is within the bankruptcy court's discretion based on the particular facts of each case." *In re Adelphia Communications Corp.*, 291 B.R. 283, 292 (Bankr. S.D.N.Y. 2003) (citing *S. St. Seaport Ltd. P'ship v. Burger Boys, Inc. (In re Burger Boys)*, 94 F.3d 755, 760 (2d Cir. 1996), *Theatre Holding Corp. v. Mauro (In re Theatre Holding Corp.)*, 681 F.2d 102, 105 (2d Cir. 1982), *In re Teligent, Inc.*, 268 B.R. 723, 738 (Bankr. S.D.N.Y. 2001)). In determining what is a reasonable time for a debtor to decide whether to assume or reject a contract, courts consider the following list of factors:

(a)     the nature of the interests at stake;

(b)     the balance of the harm to the litigant;

(c)     the good to be achieved;

(d)     the safeguards afforded to the litigants;

(e)     whether the action to be taken is so in derogation of Congress' scheme that the court may be said to be arbitrary;

(f)     the debtor's failure or ability to satisfy post-petition obligations;

(g)     the damage that the non-debtor will suffer beyond the compensation available under the Bankruptcy Code;

(h)     the importance of the contract to the debtor's business and reorganization.

(i)     whether the debtor has sufficient time to appraise its financial situation and the potential value of its assets in formulating a plan of reorganization;

(j)     whether there is a need for judicial determination as to whether an executory contract exists;

(k)     whether exclusivity has been terminated; and

(l)      above all, the broad purpose of Chapter 11, which is to permit successful rehabilitation of debtors.

*Adelphia*, 291 B.R. at 293; accord *In re Dana Corp.*, 350 B.R. 144, 147 (Bankr. S.D.N.Y. 2006).

18.     These factors are not exhaustive, and depending on the circumstances, there may be other factors that a bankruptcy court should consider. See *In re Burger Boys, Inc.*, 94 F.3d at 761. The burden rests with the movant to demonstrate cause. *Dana Corp.,* 350 B.R. at 147.

19.     Furthermore, pursuant to section 105(d)(2) of the Bankruptcy Code, courts have authority to enter an order compelling debtors to assume or reject executory contracts by a date certain. 11 U.S.C. § 105(d)(2)(A) (courts have the authority to issue various kinds of orders, including an order that "sets the date by which the trustee must assume or reject an executory contract or unexpired lease").

20.     The Debtor has had ample time to determine whether or not it seeks to assume or reject the Athelas Service Agreement.  In addition, Debtor will not be prejudiced because it is able to continue to operate under its current RCM system.

21.     As opposed to the Debtor, Movant will be harmed by being forced to expend time and resources to a contract that is still in its preliminary stages and is subject to rejection and post assumption termination, thus placing all of the risk on Athelas.

22.     In sum, the Court should make an equitable determination based on the balance of harm and in light of the particular circumstances of the parties to the Lease. The totality of the circumstances and the interest of justice in this case weigh in favor of shortening the time in which

the Debtor[s] may assume or reject the Athelas Service Agreement. Accordingly, applying the relevant *Adelphia* factors to this agreement here requires the Court to compel Debtor to assume or reject the Athelas Service Agreement by no later than June 1, 2026.

23.    In the event this Court determines not to compel Debtor[s] to assume or reject the Athelas Service Agreement by June 1, 2026, Movant should be granted permission to pause the implementation of Athelas' Service Agreement until further order of this Court.

24.    To summarize, Movant has determined, after review, that it will be in its best interest, and in the best for all other parties, for Movant to be permitted to exercise its appropriate termination rights now.  Movant has concurrently filed a motion for stay relief to permit termination (Dkt. 159) but, alternatively, by this Motion, seeks to accelerate the time frame for assumption or rejection. As between the options of assumption or rejection, Movant believes that rejection will be in the best interest of all concerned. Should assumption occur, Movant presently intends, nonetheless at the first available moment, to exercise the appropriate terminate rights. Accordingly, in any event, it will be in Debtor's best interest to retain and continue to utilize its current services.

**WHEREFORE, PREMISES CONSIDERED**, Athelas Inc. seeks the relief set forth above or such other and further relief as may appropriate.

Date:  March 16, 2026.

Respectfully submitted,


*/s/  J. Michael Sutherland*

J. Michael Sutherland
Texas State Bar No. 19524200
Southern District No. 13736
David L. Campbell
Southern District No. 25157
Texas State Bar No. 03698500
**CARRINGTON, COLEMAN, SLOMAN**
 **& BLUMENTHAL, L.L.P.**
901 Main St., Suite 5500
Dallas, TX  75202
Telephone: 214-855-3000
Facsimile: 214-580-2641 / 855-1333
Email: msutherland@ccsb.com
Email: dcampbell@ccsb.com

**Attorneys for Athelas Inc.**

## CERTIFICATE OF CONFERENCE

Having conferred with opposing counsel on several occasions during the week of March 9, 2026, the undersigned affirms that no agreement has yet been reached on the subject matter of this motion.

_/s/ J. Michael Sutherland_
J. Michael Sutherland

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served on all parties receiving ECF-Notice in this case and via ECF-Notice and/or U.S. Mail on all parties on the attached Service List, on this 16th day of March, 2026.

_/s/ J. Michael Sutherland_
J. Michael Sutherland

**MOTION OF ATHELAS INC. TO SHORTEN TIME AND FIX**
**DATES AND CONDITIONS BY WHICH DEBTOR MUST ASSUME,**
**ASSUME AND ASSIGN, OR REJECT EXECUTORY CONTRACT**                    Page 9 of 9