**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **WHITE ROCK MEDICAL CENTER, LLC, *et. al.*[1]** | § | **Case No. 26-90015 (ARP)** |
| | § | **(Jointly Administered)** |
| **Debtors.** | § | |

**DECLARATION OF DISINTERESTEDNESS OF HRSS CPAS PURSUANT TO THE ORDER (I) AUTHORIZING THE RETENTION AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS, AND (II) GRANTING RELATED RELIEF**

I, Rao Iqbal, make this declaration (this "**Declaration**") under penalty of perjury:

1. I am a partner of HRSS CPAs, located at 6671 Southwest Freeway (the "**Company**").

2. White Rock Medical Center, LLC and certain of its affiliates (collectively, the "**Debtors**"), as debtors and debtors in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), have requested that the Company provide consultation services to the Debtors, namely White Rock Medical Center, LLC and the Company has consented to provide such services.

3. The Company may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to the Chapter 11 Cases, for persons that are parties in interest in the Chapter 11 Cases. The Company does not perform services

[1] The Debtors in the Chapter 11 Cases and the last four digits of each of their federal identification numbers are: White Rock Medical Center, LLC (6083); NCP Management, LLC (8327); North Houston Surgical Hospital, LLC (2161); National Payroll Services, LLC (3573); Heights Healthcare of Texas, LLC (0118); Heights Healthcare of Houston, LLC (3093); and Ashland Healthcare, LLC (0023). The location of the Debtors' corporate headquarters and the Debtors' service address in the Chapter 11 Cases is 1917 Ashland Street, Houston, Texas 77008.

for any such person in connection with the Chapter 11 Cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates with respect to the matter on which the Company is proposed to be employed.

4. As part of its customary practice, the Company is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in the Chapter 11 Cases.

5. Neither I nor any principal, partner, director, officer of, or professional employed by, the Company has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Company.

6. Neither I nor any principal, partner, director, officer, of or professional employed by, the Company, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Company is to be employed.

7. The Debtors owe the Company $6,400 for prepetition services, the payment of which is subject to limitations contained in United States Bankruptcy Code, 11 U.S.C. §§ 101-1532.

8. I understand that the amount owed by any of the Debtors to the Company for prepetition services will be treated as a general unsecured claim, and as such, the Company may file a proof of claim.

9. I further understand that this Declaration will not suffice as the Company's proof of claim.

10. As of the dates on which the Debtors commenced the Chapter 11 Cases, the Company was not party to an agreement for indemnification with certain of the Debtors.

11. The Company is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment by the Debtors, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: 08/13/, 2026

Rao Iqbal